UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Douglas Dawson, Jr., #248371, | ) C/A No. 4:13-1366-DCN-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Cpt. Rhonda Abston; Warden Michael McCall; Ass. Warden Florence Mauney; Ass. Warden Denis Bush; South Carolina Dept. of Correction, | ) |
| Defendants. | ) |

Plaintiff William Douglas Dawson Jr., ("Plaintiff"), files this case *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.[1] Defendant South Carolina Department of Corrections (SCDC) is immune from suit. In addition to the Complaint, Plaintiff has submitted a document that has been filed as a Motion for Preliminary Injunction at ECF No. 3. The undersigned recommends that the Motion be denied, for the reasons discussed below.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

Background and Discussion

Plaintiff is an inmate at Perry Correctional Institution. He complains that on December 21, 2011, and again on May 27, 2012 he was illegally punished by being forced into a "control cell" under threat of mace. He alleges he was not allowed shoes, socks, a shower, or the opportunity to brush his teeth for three days each time. ECF No. 1 at 3. He was also denied his blood pressure medication for those time periods. *Id.* He complains that he suffered numerous nose bleeds as a result of the deprivation of medication. ECF No. 1 at 4. He seeks monetary damages. ECF No. 1 at 5.

SCDC is protected from a suit brought pursuant to § 1983 by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court, in *Hans v. Louisiana*, 134 U.S. 1, (1890), held that the purposes of the Eleventh Amendment would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("[T]he relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."); *see also Alabama v. Pugh*, 438 U.S. 781 (1978). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). SCDC is an agency of the state of South Carolina, and is thus protected from suit by Eleventh Amendment immunity. The case against that defendant should be summarily

dismissed.[2]

## Motion for a Preliminary Injunction

In addition to the Complaint, Plaintiff files a motion for preliminary injunction asking that Defendants be restrained from exercising authority over Plaintiff, or further punishing him by placing him in a holding cell under threat of chemical agents to subdue him. ECF No. 3. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Plaintiff complains only of events in the past, and does not allege that he is in any imminent danger of being denied his medication again; therefore he has not established that he is likely to suffer irreparable harm in the absence of preliminary relief.[3] Also, decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983). Federal courts must accord deference to state corrections departments with respect to the operation of the particular institution or prison system. Block v. Rutherford, supra; Rhodes v. Chapman, supra. The Supreme Court also noted that unless some prison practice offends

---

[2] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See *Quern v. Jordan*, 440 U.S. 332, 343 (1979). In addition, a state may consent to a suit in a federal district court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. See S.C.Code Ann. § 15–78–20(e).

[3] Additionally, a preliminary injunction may only be issued after notice to the adverse party. Fed.R.Civ.P. 65(a)(1). Plaintiff does not indicate that he has issued notice to the adverse party that he has made a motion for an injunction.

constitutional principles, federal courts should decline to second-guess decisions made by prison officials.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the case against SCDC *without prejudice* and without issuance and service of process on this defendant. It is also recommended that the Motion for a Preliminary Injunction be denied. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 11, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).